# United States District Court
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|  | ) | |
| vs. | ) | Case No. 07-40082 |
|  | ) | |
| Albert J. Brooks | ) | |

### O R D E R

TO: DEFENSE COUNSEL AND ASSISTANT U. S. ATTORNEY

SUBJECT: LOCAL RULE 32.1 IMPLEMENTATION OF SENTENCING GUIDELINES

Your attention is directed to this District's Rule on <u>Implementation of Sentencing Guidelines</u> adopted November, 1996.  This rule establishes a specific timetable for disclosure of the Guideline Presentence Report.

Paragraph (C) allows you ten (10) working days (14 calendar days) beginning on the date you receive the Presentence Report to communicate <u>in writing</u> to the probation officer all objections you may have to the information contained in or omitted from the report.  If you do not have any objections to the contents of the report.  If you do not have any objections to the contents of the report, this also must be communicated to the probation officer <u>in writing</u> within ten (10) working days.  The probation office will then conduct any further investigation an either revise the report or prepare an Addendum addressing all unresolved objections.

Pursuant to FRCP 32(b)(6)(C), the final report including the addendum shall be provided to both counsel at least ten (10) working days prior to sentencing unless this period is waived by the defendant.

Finally, paragraph (F) provides that each counsel may file a pleadings with the Court with a <u>copy to the probation officer</u> entitled "(Party's) Commentary on Sentencing Factors" at least seven (7) working days prior to the sentencing hearing.  This pleading shall contain all unresolved objections.  Opposing counsel shall file his/her responses at least three (3) working days prior to sentencing.

It is imperative that this implementation timetable be strictly followed as a failure to meet a deadline impacts on all subsequent deadlines which, in turn, could necessitate continuing the sentencing hearing.  THE PROBATION OFFICE IS REQUIRED TO REPORT ANY VIOLATIONS OF THIS IMPLEMENTATION RULE TO THE COURT.  ANY VIOLATION OF LOCAL RULE 32.1 IMPLEMENTATION OF SENTENCING GUIDELINES <u>COULD RESULT IN THE ISSUANCE OF AN ORDER TO SHOW CAUSE WHY THE OFFENDING ATTORNEY SHOULD NOT BE HELD IN CONTEMPT OF COURT</u>.

Date: November 28, 2007

S/John A. Gorman

JOHN A. GORMAN, U.S. Magistrate Judge